Global Capital Law, PC
Gary Harre, CBN# 86938
Diane Beall, CBN# 86877
8700 Warner Ave., Ste 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175
Email: GlobalCapitalLaw@gmail.com

Attorney for Debtor,
    MARY JANE DECKARD

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>    MARY JANE DECKARD<br><br>―――――――――――――――<br>MARY JANE DECKARD, an Individual<br><br>    Plaintiff,<br><br>-vs.-<br><br>U.S. Bank National Association as Trustee, Wells Fargo Mortgage Backed Securities 2006-AR2 Trust, mortgage pass-through series 2006-AR2; First American Loanstar Trustee Services, LLC; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive;<br><br>    Defendant. | **Case No.  8:10-BK-27141-RK**<br><br>**Adversary No.: 8:11-ap-01183RK**<br><br>**CHAPTER 13**<br><br>**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.**<br><br>**Hon Robert Kwan**<br>411 West Fourth Street, Suite 5165<br>Courtroom 5D<br>Santa Ana, CA 92701-4593<br><br>Hearing Date: 5/5/2011<br>Hearing Time: 2:00 p.m.<br>Courtroom: 5D |

    Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65(b) and local Rule L.R. 65-1, Plaintiff MARY JANE DECKARD ("DECKARD") hereby apply ex parte to this Court for:

---

NOTICE OF APPLICATION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE
RE: PRELIMINARY INJUNCTION.

1.     A temporary restraining order ("TRO") restraining and enjoining Defendants U.S. Bank National Association as Trustee, Wells Fargo Mortgage Backed Securities 2006-AR2 Trust, mortgage pass-through series 2006-AR2 ("US BANK"); First American Loanstar Trustee Services, LLC ("Loanstar") and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or privities with any of them, from taking possession of Plaintiff' residence known as 24404 Alta Vista Drive, Dana Point, California (hereinafter "Plaintiff's Home").

2.     Plaintiff will apply for an Order to Show Cause ("OSC") as to why a preliminary injunction should not be granted enjoining Defendants US BANK and First American Loanstar Trustee Services, LLC ("Loanstar") as well as their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them from taking possession of Plaintiff's home located at, 24404 Alta Vista Drive, Dana Point, California.

3.     Concurrently, Plaintiff hereby applies for a hearing date to obtain a preliminary injunction.

This Application is based on the grounds that pecuniary compensation would not afford adequate relief for the wrongful foreclosure of Plaintiff's home. Defendant, who was a stranger to this mortgage transaction, is seeking to take possession based on fraudulent conveyance via Trustee's Deed recorded with Orange County Recorder as instrument number 20099070819583.

Defendant First American Loanstar Trustee Services, LLC was purportedly substituted for Fidelity National Title Ins. Co. on November 6, 2009. On or about November 18, 2009 First American Loanstar Trustee Services, LLC assigned the Deed of Trust to US Bank for the WFMBS 2006-AR2 loan.  However, no such assignment may be done at that time because it is past the 720 day cut off date contained in the pooling and servicing agreement filed with the Securities and

Exchange Commission ("SEC"). The attempted assignment of the deed of trust must have occurred not later than March 2008.

The purported assignment by First American to US Bank was made more than three years after the cut-off date and is in contravention of New York Trust laws, therefore void. Great and irreparable injury will result to Plaintiff before the matter can be heard on notice.

Plaintiff has not previously obtained an order from any judicial officer for similar relief in this case.

The Application is based upon this notice, the Complaint on file, the attached Memorandum of Points and Authorities, and any oral argument which will be heard at the time of the hearing of this matter.

Dated: 04/19/2011                                   Respectfully Submitted;

---

                                            Gary Harre, Esq.
Attorney for Plaintiff,
MARY JANE DECKARD

//
//
//
//
//
//
//
//
//
//
//

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff DECKARD has brought an adversary action against US Bank and (hereinafter "Defendant") and their agents, officers, employees, and affiliated or associated parties, for their and their predecessors actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiff to become a victim of such behavior, and to be in jeopardy of being evicted from her home.

Plaintiff seeks to enjoin defendant from proceeding with evicting her from her home located at 24404 Alta Vista Drive, Dana Point, California.

On April 19, 2011, the court has held a hearing on a Motion for Relief from Automatic Stay brought by Defendant US Bank. The Court granted said relief from stay because Plaintiff failed to file an opposition. The court should grant the instant motion to restrain Defendant pending the outcome of the Adversary Proceeding involving the aforementioned Defendants.

## II. STATEMENT OF FACTS

Plaintiff DECKARD obtained a mortgage loan on or about September 21, 2005. Such loan is evidenced by a promissory note in favor of Wells Fargo Bank. A true and correct copy of the promissory note is attached hereto as Exhibit "A." such promissory note is secured by a Deed of Trust with Fidelity National Title Ins Co as Trustee, Wells Fargo Bank as lender and beneficiary under this security instrument. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B." The Deed of Trust was then removed into a Mortgage Backed Security Trust better known as WFMBS 2006-AR2.

It is believed and alleged that Wells Fargo N. A. used deceptive practices as documented in the Federal Consent Decree issued on April 13, 2011, and discussed fully as unsafe business practices. It is alleged and believed that Wells

Fargo Bank N. A. as servicer mislead them on modifications, the identity of the investor, and as to the location or ownership of the note and the deed of trust.

On or about November 6, 2009 a Substitution of Trustee was filed whereby the original trustee Fidelity National Title Insurance was replaced by First American Loanstar Trustee Services whose address is P. O. Box 961253, Fort Worth Texas 76161-0253.

On or about November 18, 2009 an Assignment of the Deed of Trust was filed where by the note, and the deed of trust was assigned to U S Bank National Association, as trustee for WFMBS 2006-AR2 (hereinafter, "2006-AR2 Trust")], which closed for over $4 billion of properties on February 2, 2006.

It is alleged and therefore believed that no assignment into such trust may be done at all past the 720 day cutoff date or in this case March 2008 and any such assignment is in contravention to the Pooling and Servicing Agreement filed with the Securities and Exchange Commission (hereinafter "SEC") and formed under New York Trust Laws.

It is alleged that an assignment done into this WFMBS 2006-AR2 trust more than three years after the cut-off date is in contravention to New York Trust Law and is simply VOID.

It is alleged and believed that the entity US bank as Trustee WFMBS 2006-AR2, has no pecuniary interest in the mortgage loan. It is alleged and believed that US Bank, as Trustee, lacked the standing and the capacity to foreclose, and having no beneficial interest to make credit bid.

### III.  APPLICABLE AUTHORITIES

Federal Rule of Civil Procedure 65 and Local Rule 65-1 authorize this Court to enter a preliminary injunction or Temporary Restraining Order ("TRO"). *See* Fed.R. Civ.P § 65. The purpose of such injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be conducted. *See*

E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006); LGS Architects, Inc. v. Concordia Homes, 434 F.3d 1150, 1158 (9th Cir. 2006).

A party seeking a preliminary injunction must show either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Faith Ctr. Church Evangelistic Ministries v. Glover, 462 F.3d 1194, 1201-02 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. LGS Architects, 434 F.3d at 1155; see also Harper v. Poway Unified Sch. Dist., 445 F.3d 1166, 1174 (9th Cir. 2006) (the greater the relative hardship to the moving party, the less the probability of success must be shown to support the grant of a preliminary injunction).

In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Associated Gen. Contractors v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992).

Under the sliding scale theory, a party seeking an injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation." Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994). Additionally, in cases where the public interest may be affected, the court must consider the public interest as a factor in balancing the hardships. Harris v. Bd. Of Supervisors, 366 F.3d 754, 760 (9th Cir. 2004).

While a preliminary injunction will not be issued without security by the applicant under Federal Rule of Civil Procedure 65(c), a district court has wide discretion in setting the amount of a bond, and the bond amount may be zero if

there is no evidence the party will suffer damages from the injunction. *See*, Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003).

## IV. ARGUMENTS

Plaintiff's operative pleading filed on April 19, 2011 asserts claims for wrongful foreclosure, quiet title, injunctive relief and cancellation of trustee's deed and damages.

### 1. Probability of Success on the Merits

Plaintiffs can demonstrate high probable successes on the merits on their claims for relief of cancellation of trustee's deed and their Wrongful Foreclosure claim.

#### a. Cancellation of Trustee's Deed upon Sale.

Strong showing is made that US Bank was not a beneficiary under the deed of trust and First American attempted to assign the Deed of Trust after the 720 closing date. US Bank does not have the right to enforce the subject debt in the first place, much less to purchase it under credit bid because they could not acquire an assignment of the Deed of Trust past March 2008.

In order to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalidated as a fraudulent conveyance under Com.Code §3440, and a transfer in pledge could be invalidated as an unperfected under Com.Code § § 9313-9314. *See* California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26.

Here, all that US Bank has in its possession is a copy of a Trustee's Deed, which stated that it was the grantee who was the foreclosing beneficiary under the deed of trust. No other evidence that can be found in public record that US Bank was the beneficiary of the original Note and Deed of Trust. The

Note and Deed of Trust as included run in favor of Wells Fargo Home N.A. and no assignment of Deed of Trust ever recorded assigned beneficial interest to US Bank, or to anyone else for that matter.

There is no authority (and Plaintiff is aware of none) for the apparent proposition that transfer of the Deed of Trust without assignment, let alone recordation, is sufficient to give US Bank a security interest in the Property as beneficiary. As it stands on the record, the Trustee's Deed with US Bank as beneficiary foreclosing on the Deed of Trust by way of Credit Bid constitutes fraudulent transfer. Nothing in the Deed of Trust as written or in the way in which it has been handled gives any indication that US Bank has any security interest as beneficiary in the Property. Not surprisingly therefore, US Bank focuses the Court's attention on the Trustee's Deed.

**2.    Irreparable Harm.**

Plaintiff maintains they will be irreparably harmed by being evicted from her home. In Wrobel v. S.L. Pope & Associates, 2007 WL 2345036, at *1 (S.D. Cal. 2007), the court found that **"[l]osing one's home through foreclosure is an irreparable injury."** Similar findings were made by the courts in Johnson v. U.S. Department of Agriculture, 734 F.2d 774, 789 (11th Cir. 1984) ("**irreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique**"); Cronkhite v. Kemp, 714 F. Supp. 822, 825 (E.D. Wash. 1989).

One court denied a temporary restraining order on a foreclosure, reasoning that the TRO applicant could halt foreclosure by paying the amount due on the loan. See Barrett v. Popular Inc., 2007 WL 1753539, at *1 (W.D. Wash. 2007). But in this case, the validity of the trustee's deed itself is the heart of the dispute. The Court therefore should be persuaded that Plaintiff will be irreparably harmed by loosing possession of her home.

### 3. Bond.

While the literal language of Federal Rule of Civil Procedure 65(c) suggests that a restraining order will not be issued without security by the applicant, a district court has wide discretion in setting the amount of a bond. *See* Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Joregensen v. Cassidy, 320 F.3d 906, 919 (9th Cir. 2003). Here there is no realistic harm to the defendants from a temporary restraint of the foreclosure proceedings. If the defendants' position that the Trustee's deed is valid, then Defendant can take possession as no transfer can take place. The defendant's interests are adequately secured by trustee's deed if it is valid. No bond will be required at this time.

### CONCLUSION

Accordingly, plaintiff prays the Court grants her *Ex Parte* application for a temporary restraining order and Order to Show Cause enjoining Defendants from taking possession and evicting Plaintiff from her home located at 24404 Alta Vista Drive, Dana Point, California until the preliminary injunction hearing.

Plaintiff further requests this Court to set a hearing date for preliminary injunction.

Dated: 04/21/2011                                             Respectfully Submitted;


                                                              _/s/ Gary Harre_____
                                                              Gary Harre, Esq.
                                                              Attorney for Plaintiff,
                                                              MARY JANE DECKARD

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 8700 Warner Avenue, Suite 200, Fountain Valley, CA 92708

A true and correct copy of the foregoing document described as ***Notice of Application and Ex Parte Application for Temporary Restraining Order and order to Show Cause Re; Preliminary Injunction*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *4/21/2011* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey A Cancilla    j.cancilla@hotmail.com, bwaxman@cancillalaw.com;jeff@cancillalaw.com
- Thomas H Casey (TR)    msalustro@tomcaseylaw.com, tcasey@ecf.epiqsystems.com
- Richard G. Heston    rheston@hestonlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *4/21/2011* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
 Hon Robert Kwan
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *4/21/2011,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/21/2011 | Narmin Shahin | /s/ Narmin Shahin |
| *Date* | *Type Name* | *Signature* |